# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES E. HOLLAND,**

                    **Plaintiff,**

**-vs-**                                               **Case No.  6:07-cv-613-Orl-19KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS FOR JUSTICE ACT 28 U.S.C. § 2414 (Doc. No. 20)** |
| **FILED:** | **November 6, 2008** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

      The plaintiff, James E. Holland, seeks an award of attorneys' fees pursuant to the Equal Access

to Justice Act (EAJA), 28 U.S.C. § 2412.  A final judgment reversing the decision below was entered

on August 13, 2008. Doc. No. 19.  An award of fees is, therefore, ripe for consideration.

      Holland's attorneys, Bradley Boyd, Esq., and his associate, Krista Rush, Esq.,  seeks

$2,775.61 in attorney's fees for 17.03 hours of work: 14.12 hours of work performed in 2007; and 2.91

hours of work performed in 2008.  Doc. No. 20-2.  The EAJA sets a ceiling of $125.00 on the hourly

rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Holland has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $161.83 per hour for work performed in 2007, and $168.58 for work performed in 2008. Doc. No. 20-3, 20-4. This would lead to an award of $2,285.04 for work performed in 2007, and $490.57 for work performed in 2008, for a total award of $2,775.61. The defendant, the Commissioner of Social Security, does not oppose these hourly rates or the number of hours worked. Doc. No. 20 at 3.

After reviewing the papers submitted by Holland, I find that the fees requested are appropriate in the absence of objection.

The United States Court of Appeals for the Eleventh Circuit has recently held that EAJA attorneys' fees are awarded to the prevailing party, not to the prevailing party's attorney. *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). Holland submitted an Affidavit and Assignment of EAJA Fee by which he assigned any attorneys' fees awarded by the Court pursuant to the EAJA to Attorney Boyd. Doc. No. 20-8. Holland, being the individual entitled to any EAJA attorneys' fees awarded by the Court, had the right to assign those fees to his counsel. *See, e.g., Turner v. Astrue*, No. 5:07cv09/RS-EMT, 2008 WL 2561966, at * 2-3 (N.D. Fla. June 24, 2008).

**RECOMMENDATION**

For the reasons set forth in the foregoing report, I respectfully recommend that the Court

**ORDER** the Commissioner of Social Security to pay to Bradley K. Boyd, Esq., $2,775.61 in

attorneys' fees.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on November 7, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy